**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Thomas LEACH, Defendant–Appellant.**

**No. 02–1361.**

United States Court of Appeals,
Sixth Circuit.

Oct. 31, 2003.

Michael Hluchaniuk, Asst. U.S. Attorney, U.S. Attorney's Office, Bay City, MI, for Plaintiff-Appellee.

David A. Koelzer, Federal Defender's Office, Flint, MI, for Defendant-Appellant.

BEFORE: BOGGS, Chief Judge; NELSON and COLE, Circuit Judges.

PER CURIAM.

Defendant–Appellant Thomas Leach ("Leach") was convicted under 18 U.S.C. §§ 922(g)(1) and (g)(3) for the possession of firearms by a felon and a user of controlled substances. He appeals the district court's denial of his motion to suppress the firearms, which were found in his home by the use of an improperly-issued search warrant. For the reasons that follow, we affirm.

This court reviews for clear error the district court's factual findings regarding a motion to suppress evidence, and reviews the district court's conclusions of law *de novo*. *United States v. Campbell*, 256 F.3d 381, 385 (6th Cir.2001). The burden of proof is on the defendant to prove that evidence should be suppressed. *United States v. Feldman*, 606 F.2d 673, 679 (6th Cir.1979), *cert. denied*, 445 U.S. 961, 100 S.Ct. 1648, 64 L.Ed.2d 236 (1980). In determining whether a search was supported by probable cause, we examine the totality of the circumstances in a "realistic and commonsense fashion." *United States v. Finch*, 998 F.2d 349, 352 (6th Cir.1993).

The facts are not in dispute. Michigan State Police officers pulled Leach over on a routine traffic stop on Wolverine Road in Cheboygan County, Michigan, in July 1999. Leach was driving in the direction of his residence on Wolverine Road, about two miles away. The officers saw a large zip-lock baggie on the floor of Leach's car, which proved to contain four beggies holding approximately seven grams of marijuana each. A search of the car revealed one more seven-gram batch of marijuana, which Leach told them was his "personal stash," implying that the marijuana in the baggies was for distribution.

Detective Sergeant Ronald Nightingale of the Michigan State Police later determined that Leach had been convicted several years earlier for drug dealing and drug possession, that a confidential informant had recently told the police that Leach was currently dealing drugs in Cheboygan County, and that in 1997, Leach

had admitted to smoking marijuana inside his residence. Detective Nightingale's experience led him to conclude that most drug dealers keep records, drugs, and other tools of their trade at their residence. Detective Nightingale submitted these facts and inferences by affidavit to a state magistrate, procured a search warrant for defendant's residence, searched the residence, and found the firearms that are the subject of the present prosecution.

Defendant Leach argues here, as below, that the firearms should be suppressed because there was not enough evidence to provide a proper basis to issue this search warrant or to sustain good-faith reliance on the warrant once issued. The district court agreed that the magistrate ought not to have issued the warrant, but found that the search came under the "good faith" exception to the exclusionary rule established by *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). We agree.

The exclusionary rule does not bar the admission of evidence "seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective." *Leon*, 468 U.S. at 905, 104 S.Ct. 3405. But suppression is still appropriate where the search warrant affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.* at 923, 104 S.Ct. 3405.

A search warrant affidavit must identify the place to be searched, the objects or type of evidence sought, and a "nexus" between the two—that is, it must state why the affiant believes the evidence will likely be found in that place. *United States v. Van Shutters*, 163 F.3d 331, 336 (6th Cir.1998), *cert. denied*, 526 U.S. 1077, 119 S.Ct. 1480, 143 L.Ed.2d 563 (1999). Leach argues that Detective Nightingale, who provided the search warrant affidavit and conducted the search, could not rea-

sonably have believed that his affidavit set forth such a nexus between Leach's residence and any hoped-for evidence of drug trafficking. But the affidavit shows that Nightingale had reasons to think that Leach was dealing in drugs in the general vicinity of his residence. Nightingale concluded that a likely drug-dealer, who deals near his home, is likely to keep tools of his trade at home. Leach's argument in essence is that a reasonable police officer could not believe that this sort of conclusion, born of his own training and experience, amounts to probable cause. Leach's proposition runs contrary to the law of this Circuit.

In *United States v. Schultz*, 14 F.3d 1093 (6th Cir.1994), the defendant sought to suppress evidence found in a search, the search warrant affidavit for which consisted primarily of an officer's conclusion, based upon his training and experience, that a suspected drug-dealer's safe deposit box would hold evidence of drug dealing. We noted that a criminal suspect's property was of course not *ipso facto* subject to search. *Id.* at 1098. But we further noted that an officer's "training and experience," may be considered in determining probable cause. *Id.* at 1097, *quoting Texas v. Brown*, 460 U.S. 730, 742–43, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983), *and citing United States v. Martin*, 920 F.2d 393, 399 (6th Cir.1990) (search warrant was adequately supported by affidavit reciting that a confidential informant had seen drug paraphernalia at defendant's residence, that defendant had made a drug sale near that same residence, and that an experienced law-enforcement officer thought it likely that a drug dealer would keep such paraphernalia at his residence). Therefore, the officer could in good faith believe that his conclusion, based on his training and experience, constituted an adequate basis for the search warrant. *Id.* at 1098. The case now before us is on all fours with *Schultz*.

Defendant relies principally on *United States v. Weaver*, 99 F.3d 1372 (6th Cir. 1996), in which good-faith reliance was not found. But the search warrant affidavit in Weaver consisted entirely of inferential hearsay from a confidential tipster. *Weaver*, 99 F.3d at 1380. In contrast, Nightingale's affidavit included strong evidence that Leach was currently dealing drugs and that he had in the past kept drugs at his residence. Looked at in a realistic, commonsense fashion, the affidavit was not "so lacking" as to make Nightingale's belief that probable cause existed "entirely unreasonable." *Leon*, 468 U.S. at 923, 104 S.Ct. 3405.

Because the firearms were found pursuant to a search warrant upon which the searching officer relied in good faith and not unreasonably, we AFFIRM the district court's refusal to suppress the challenged evidence, and its judgment of conviction.